Nos. 04-97-00211-CR, 04-97-00212-CR, 04-97-00213-CR, 04-97-00214-CR &


04-97-00816-CR


Ramiro Cavazos ESTRADA,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th District Court, Bexar County, Texas


Trial Court Nos. 95-CR-2357, 95-CR-2358, 96-CR-5002, 96-CR-6203 & 93-CR-4442


Honorable Peter Michael Curry, Judge Presiding(1)



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: July 22, 1998


AFFIRMED


 In five appeals, Ramiro Cavazos Estrada challenges four convictions and the revocation of
his probation in a fifth conviction. Estrada was convicted for possession of cocaine, less than 28
grams, in Cause No.93-CR-4442. That conviction was obtained pursuant to a plea bargain
agreement in which Estrada agreed to plead guilty in exchange for the State's recommendation for
probating an eight-year sentence. The trial court sentenced Estrada in accordance with his plea
bargain.

 While on probation, Estrada was indicted for possession of marijuana, 5 pounds or less but
more than 4 ounces, in Cause No. 95-CR-2358; and possession of cocaine, 4 to 200 grams; with
intent to deliver, in Cause Nos. 95-CR-2357, 96-CR-5002 and 96-CR-6203. Estrada pled guilty to
each of these charges pursuant to plea bargain agreements. The convictions for these charges then
served as the basis for revoking Estrada's probation in Cause No. 93-CR-4442.

 On appeal, Estrada challenges his convictions by attacking the voluntariness of his pleas.
Specifically, Estrada complains that he did not enter a knowing plea because the trial court failed
to properly admonish him, and that his plea was involuntary because he was induced to plead guilty
because of threats and misrepresentations by the trial court.

 To be constitutionally valid, a guilty plea must be knowing and voluntary. See Brady v.
United States, 397 U.S. 742, 749 (1970). For this reason, the Code of Criminal Procedure requires
the trial court to admonish a defendant prior to accepting a guilty plea. See Meyers v. State, 623
S.W.2d 397, 402 (Tex. Crim. App. 1981). The required admonishments are specified in article 26.13
of the Code. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 1989). Substantial compliance
with the required admonishments is sufficient to uphold a guilty plea "unless the defendant
affirmatively shows that he was not aware of the consequences of his plea and that he was misled
or harmed by the admonishment of the court." Id. art. 26.13(c).

 In the instant case, Estrada complains that he was not properly admonished about (1) the
range of punishment for the charged offenses, (2) the non-binding effect of the State's
recommendation for punishment and (3) the possibility of deportation. These admonishments are
required by article 26.13, so we must determine whether the trial court substantially complied with
these requirements.

 Article 26.13 provides for either oral or written admonishments. Id. art. 26.13(d). In this
case, the trial court admonished Estrada both orally and in writing. Although Estrada contends his
written admonishments are invalid, null and void, we note that the written admonishments comply
with article 26.13. Both Estrada and his attorney signed the written admonishments as required by
article 26.15, and therein Estrada stated that he understood the admonishments and that he was aware
of the consequences of his plea. Id. art. 26.13(d). In each cause, Estrada was admonished on the
proper range of punishment for each offense for which he pled guilty, the non-binding nature of his
plea agreements, and the possibility of deportation. As a result, the written admonishments are valid.
Although Estrada complains that the trial court did not ask him if he signed the written
admonishments, he does not contend that the signatures on the admonishment documents are not his
own. As a result, we will not consider this portion of his argument in our discussion of the
voluntariness of Estrada's plea.

 As for the oral admonishments, the trial court did not admonish Estrada about the possibility
of deportation or the non-binding effect of Estrada's plea bargain; however, as discussed above,
Estrada was properly admonished in writing. The oral admonishments about the ranges of
punishment that applied to the charged offenses were accurate with the exception of the range of
punishment for the possession of marijuana charge. The trial court did not orally admonish Estrada
about the range of punishment for that offense. Despite this failure, we are convinced Estrada
understood the consequences of his plea and that he was not misled or harmed by the court's failure
to admonish about the range of punishment for the possession of marijuana charge. See id. art.
26.13(c).

 There are two reasons we believe Estrada understood the consequences of his plea and that
he was not harmed. First, Estrada was properly admonished in writing about the range of
punishment for the possession of marijuana charge. Second, the trial court discussed the nature of
Estrada's plea bargain for the possession of marijuana charge to insure he understood the
consequence of his plea. During the plea proceeding, the trial court questioned the State about its
recommendation for the possession of marijuana charge and clarified that the recommendation was
for two years confinement to run concurrent with the sentences in Cause Nos. 95-CR-2357, 96-CR-6203, 93-CR-4442 and 96-CR-5002. Although we are convinced that Estrada understood his plea
agreement for this offense, he states on appeal that he "did not understand that his conviction of a
state-jail felony offense requires incarceration in a state-jail facility rather than in the penitentiary
and that this time would have to be served in addition to the time assessed in the penitentiary."

 Despite the above contention, the judgment for the possession of marijuana conviction
clearly indicates that Estrada's two-year sentence is to run concurrent with his sentences in Cause
Nos. 95-CR-2357, 96-CR-6203, 93-CR-4442 and 96-CR-5002. Although section 12.35 of the Texas
Penal Code provides that a state jail felony, like the possession of marijuana offense in this case,
"shall be punished by confinement in a state jail," see Tex. Pen. Code Ann. § 12.35 (Vernon 1994),
section 3.03 mandates that where offenses arising out of the same criminal transaction are prosecuted
in a single criminal action, the resulting sentences run concurrently, see id. §3.03. Section 3.03 does
not distinguish between offenses which are punishable by confinement in a state jail and those that
are punishable by confinement "in the institutional division." See id. § 12.32, 12.33 & 12.34 (each
section directing that felony offenses other than state jail felonies be "punished by imprisonment in
the institutional division"). In this case, the record clearly establishes that the possession of
marijuana charge arose out of the same criminal transaction as the possession of cocaine charge in
Cause No. 95-CR-2357. As a result, Estrada's sentence in Cause No. 95-CR-2358 must run
concurrent with his sentence in Cause No. 95-CR-2357. Because we believe Estrada understood the
consequences of his plea and that he was not harmed or misled by the trial court's admonishments,
see Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989), we find that Estrada entered a
knowing plea.

 Although we believe his plea was knowing, Estrada also contends that he was coerced to
enter guilty pleas because of threats and misrepresentations by the trial court. To support this
contention, Estrada relies in part on a comment that the trial court apparently made at the onset of
the plea proceeding. Although the comment itself does not appear in the appellate record, the record
contains the following reference to the comment:

 MR. ESTRADA: When you mentioned that about--you know, my wife and my
mom and my dad, they're all witnesses to this, but when you mentioned that clause
about the constitutional rights, for some reason, I don't believe that that should be in
there, in any of the readings that you had. Like when you said about to swear me in,
that I might as well be read a Christmas story, you know, for some reason--


 THE COURT: Well, you don't understand what I was saying. What I'm saying is
that that was not on the record. It doesn't make any difference. You've got all these
other documents. And I wasn't trying to put you down or anything, if that's what
you thought.


 MR. ESTRADA: That's what I felt.


 THE COURT: No. It had nothing to do with that. I'm just saying that clerks
constantly swear these people in. It is not even on the record. It doesn't even make
a difference because you've got all these documents already signed by you. That's
what I'm saying.


 MR. ESTRADA: All right. Thank you.


 THE COURT: Is there anything else you do not understand?


 MR. ESTRADA: No. I understand everything.



The above colloquy simply does not rise to the level of coerciveness. Instead of being coercive, the
trial court's comments appear almost apologetic.

 In addition, Estrada relies on the following dialogue between himself and the trial court to
support his contention that the trial court misrepresented the consequences of Estrada's pleas. After
the trial court read the charges, Estrada asked:

 May I ask a question?


 THE COURT: Yes, sir.


 MR. ESTRADA: He told me that there was no intent to deliver, Mr. Daneri
[Estrada's trial counsel], that it was just possession charges. When you read them
off, Your Honor, it said about with intent to deliver.


 THE COURT: Well, that's the way the docket sheet shows. It really doesn't make
a difference anyway.


 MR. ESTRADA: All right. I understand.


Estrada was undoubtedly referring to Cause Nos. 95-CR-2357, 96-CR-5002 and 96-CR-6203. In
the indictments for those causes, Estrada was charged with two counts. Under Count I, the State
charged Estrada with possession with intent to deliver; under Count II, the State charged Estrada
with possession without intent to deliver. While Estrada's question implies that he may have
thought he was pleading guilty to the no-intent-to-deliver charges, his plea agreements clearly reflect
that the agreements in each case were for Count I. For this reason, the trial court's response to
Estrada's question is more appropriately characterized as a clarification than a misrepresentation.

 After clarifying that the plea agreements were for the intent-to-deliver charges, the court
continued with its oral admonishments and then asked, "[k]nowing all of this, do you still want to
enter a plea of guilty and waive a jury in each case?" To this question, Estrada answered, "Yes, sir."
As with the previously-discussed dialogue, this conversation does not indicate that Estrada was
coerced into pleading guilty or that the trial court misrepresented the consequences of pleading
guilty. As a result, we find that Estrada's plea was voluntary.

 Having determined that Estrada's plea was knowing and voluntary, we overrule his issues
on appeal and affirm the convictions in Cause Nos. 95-CR-2357, 95-CR-2358, 96-CR-5002 and 96-CR-6203, and the revocation of his probation in Cause No. 93-CR-4442.

 Alma L. López, Justice

PUBLISH


1. The Honorable Juan Gallardo entered the judgment of conviction in Cause No. 93-CR-44442.



Return to
4th Court of Appeals Opinions